IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30934
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ELLIS PRICE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(91-CR-20040-1)
--------------------
April 18, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant David Ellis Price was convicted on his guilty plea of filing a false claim against the United States, in violation of 18 U.S.C. § 287. Pursuant to his plea agreement, the court dismissed a count alleging conspiracy to defraud, 18 U.S.C. § 286. Price has not appealed his conviction but has appealed his sentence to serve a 24-month prison term. We affirm.

We "review a trial court's factual findings at sentencing for clear error and its legal application of the sentencing guidelines de novo." United States v. Gray, 105 F.3d 956, 969 (5th Cir.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997).  Price contends that the district court erred by considering allegations of the conspiracy count as "relevant conduct" for sentencing purposes.  Based on the presentence report (PSR) the district court determined that, pursuant to U.S.S.G. § 2F1.1(b)(1)(E)(1987), four levels should be added to Price's base offense level because the offense involved more than $20,000.  This was grounded in findings that Price submitted a false claim for $9,647 and that he aided and abetted Albert Womack in submitting three false claims totaling $36,768.  This finding is not clearly erroneous; neither is the sentencing court's application of the guidelines erroneous as a matter of law.

Price contends that he should not be held accountable for Womack's false claims, as alleged in the conspiracy count, because there was no evidence of an agreement or conspiracy and because Price merely told Womack how to file a false claim.  The PSR shows, however, that Price helped Womack file his false claims, employing the same scheme that Price used for his own false claim.  Accordingly, the district court neither clearly erred in crediting these facts nor committed legal error in including the quantum of Womack's claims for purposes of calculating Price's offense level.  See U.S.S.G. § 1B1.3(a); United States v. Bryant, 991 F.2d 171, 177 (5th Cir. 1993).

Price also asserts that the district court erred when it increased his offense level by two for "more than minimal planning," pursuant to U.S.S.G. § 2F1.1(b)(2)(A).  Section 1B1.1, comment. (n.1(f)) (1987) states in part:  "'More than minimal

2

planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." The PSR shows, without contradiction, that Price aided and abetted Womack in filing three claims between September 12, 1987, and June 10, 1989. Price filed his own similar claim on or about August 10, 1988. The district court did not clearly err in finding that Price engaged in "more than minimal planning."

Finally, Price advances that the district court erred when it added two points to his criminal history category (CHC), on the ground that he engaged in some of the relevant conduct prior to the expiration of his term of probation imposed in an earlier case. Price completed his earlier probationary term on October 3, 1987; Womack's first false claim was filed in September 1987, and Price had helped Womack in that endeavor. Guidelines § 4A1.1, comment. (n.4) (1987) states in part: "Two points are added [to the CHC] if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under . . . probation." Price's contention is based on his assertion that Womack's filing false claims was not "relevant conduct" as to Price's offense. The lack of legal or factual merit of this contention is demonstrated in our foregoing discussion of Price's efforts in support of Womack's false claims filings.

AFFIRMED.